# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ARNOLD W. BOEHNE,**

                                **Plaintiff,**

**-vs-**                                                    **Case No.  6:10-cv-860-Orl-22GJK**

**EASYCREDIT AUTO SALES, INC. and**
**HENRY J. PERSON, SR.,**

                                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 13)** |
| **FILED:**        **October 2, 2009** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. |

        Plaintiff and Defendants jointly move the Court to approve their settlement agreement (the "Agreement") of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice (the "Motion"). Doc. Nos. 13.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect.  As the Eleventh Circuit held in *Lynn's*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007).  The Court should be mindful of the strong presumption in favor

of finding a settlement fair.  *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

     This case involved disputed issues of FLSA coverage, which constitutes a bona fide

dispute.  Doc. No. 1.  The parties were represented by independent counsel who were obligated

to vigorously represent their clients.  *Id.*  The parties stipulate that:

> [T]he settlement represents **full** recovery of all alleged unpaid
> wages due the Plaintiff (including an equal amount for liquidated
> damages) and does not represent a compromise of Plaintiff's claim
> for overtime compensation.  In addition to the amount that has
> been allocated to the Plaintiff for his full recovery of alleged
> unpaid wages, the parties have allocated a separate amount for
> Plaintiff's reasonable attorney's fees and costs.

Doc. No. 13 at 1 (emphasis in original).  Thus, the parties stipulate Plaintiff will receive a full

recovery and that his claim was not compromised.

     *Lynn Food's* requires a court to determine whether a plaintiff's <u>compromise</u> of his or her

claims is fair and reasonable.  *Lynn's Food Stores*, 679 F.2d at 1354-55.  The Motion states that

"Plaintiff has not compromised his claim. . . ."  Doc. No. 13 at 1.  Because his claim has not been

compromised, the Agreement is necessarily a "fair and reasonable resolution of a bona fide

dispute over FLSA provisions."  *Lynn's Food*, 679 F.2d at 1354.  Thus, the Court "need not

scrutinize the settlement further to consider whether the payment to [plaintiff's] attorney, the

hourly rate claimed by [plaintiff's] attorney, or the costs claimed by [plaintiff's] attorney are

reasonable."  *See Granger v. Water Sports Management, Inc.*, Case No. 6:08-cv-1283-Orl-

31KRS, 2009 WL 1396286 at *2 (M.D. Fla. May 18, 2009).  *See also Duncan v. Jim Fralin

Construction, Inc.*, Case No. 8:08-cv-779-T-33TBM, 2009 WL 910689 at *1 (M.D. Fla. Apr. 2,

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

2009) ("'[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.'") (quoting *Feagans v. Americana Jax Inv., Inc.*, Case No. 3:07-cv-433-J-33HTS, 2008 WL 782488 at *1 (M.D. Fla. Mar. 20, 2008). Accordingly, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable.

The parties also request that the Court retain jurisdiction over the parties for ninety (90) days to enforce the Agreement. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order. Thus, the undersigned recommends that the Court deny the parties request to retain jurisdiction.

**THEREON** it is **RECOMMENDED** that the Court:

1. **GRANT in part and DENY in part** the Motion (Doc. No. 13) in the following respects:

   a. **GRANT** the Motion to the extent the Agreement is fair and reasonable; and

   b. **DENY** the Motion to the extent the parties request the Court retain jurisdiction; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case;

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. If the parties have no objection to this report and recommendation, they may file a joint notice of no objection.

Recommended in Orlando, Florida on September 24, 2010.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties